IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joseph A. Carpenter, #370459, | ) | C/A No.: 1:17-867-HMH-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Willie Eagleton, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Joseph A. Carpenter ("Petitioner"), proceeding pro se, filed a petition for a writ of
habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. §
636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized
to review such petitions and submit findings and recommendations to the district judge.
For the reasons that follow, the undersigned recommends that the district judge dismiss
the petition in this case without requiring respondent to file an answer.

I.      Factual and Procedural Background

Petitioner alleges that following a jury trial on November 8–9, 2016, he was
convicted of attempted murder. [ECF No. 1-3 at 1–2]. Petitioner states he was sentenced
to eight years' imprisonment. *Id.* at 1. In response to the question on the standard § 2254
form about whether he appealed his conviction, Petitioner stated "[m]y attorney spoke of
an Appeal yet I never Received Briefs, ect and am challenging my unlawful conviction
without one, if the Honorable Court deems Appropriate after Having fully Reviewed The
FACTS." *Id.* at 2 (errors in original). In response to the question if he sought further
review by a higher state court, Petitioner states "[n]ot known, if any, since I Have Not

Heard from my Trial Lawyer or an Appellate Attorney or Received My TRANSCRIPT of Record." *Id.* at 3.

II.     Discussion

        A.     Standard of Review

        Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975).  The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

The requirement that state remedies must be exhausted before filing a federal habeas corpus action is found in 28 U.S.C. § 2254(b)(1), which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State." The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Lawson v. Dixon*, 3 F.3d 743, 749–50 n.4 (4th Cir. 1993). In *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997), the Fourth Circuit Court of Appeals held that "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts . . . . To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner." *Id.* at 911 (citations omitted), *abrogated on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011).

Petitioner indicates he was sentenced in November 2016, and is waiting to hear from his attorney regarding an appeal. It is therefore clear from the face of the petition that Petitioner still has potentially viable state court remedies. Accordingly, this habeas action is subject to summary dismissal for lack of exhaustion. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have

not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."); s*ee also Pitchess v. Davis*, 421 U.S. 482, 490 (1975).

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the court dismiss this petition without prejudice and without requiring respondent to file a return.

IT IS SO RECOMMENDED.

April 25, 2017
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).